UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TAMMY IVES,
    Plaintiff,

  v.              CIVIL ACTION NO. 17-30108-MGM

MARIDETH DECKER, Claims Specialist,
Social Security Administration,
    Defendant.

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS
AND REPORT AND RECOMMENDATION FOR DISMISSAL**

**ROBERTSON, M.J.**

   For the reasons stated below, the Court will allow the motion to proceed *in forma pauperis* and recommend that the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) for failing to state a claim on which relief may be granted and for lack of subject matter jurisdiction.

**I.  Background**

   *Pro se* plaintiff Tammy Ives ("Ives") filed a civil rights complaint against a Social Security Administration employee in Pittsfield, Massachusetts. Complaint ("Compl."), ECF No. 1. Ives alleges that she has "a psychological disability that prevents [her] from being able to go outside a lot". Id. at ¶ III (C) (statement of claim). She alleges that the defendant sent her a letter requesting that Ives appear for a benefits review by August 11, 2017. Id. Ives alleges that when she appeared at the main office on August 9, 2017, the defendant (1) changed Ives' record without permission, (2) claimed information was missing from Ives' file, (3) made comments concerning unrelated situations, (4) made verbal threats to Ives, and (5) threatened to record Ives. Id. Ives contends that her August 9, 2017 encounter with the defendant triggered an anxiety attack and created an unhealthy fear. Id. at ¶¶ III (C), IV (injuries). Ives alleges that she subsequently discovered that

she was not "up for review."  Id. at ¶ III (C).  She contends that she was "lured" to the main office "under false pretenses."  Id.  Ives concludes that the defendant was "politically motivated" to contact Ives in an effort to harass her because the defendant "knows [Ives] outside in everyday society."  Id.

Ives alleges that the Court has jurisdiction under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (establishing a direct cause of action against federal officials for violations of the federal constitution), and that the defendant, acting in her official capacity, violated Ives' privacy rights under the First and Fourth Amendments to the United States Constitution.  Id. at ¶ II (basis for jurisdiction).

Plaintiff in this action requests (1) criminal charges "be filed for tampering with private information," (2) removal of the defendant "from her post immediately," and (3) plaintiff's benefits for "social security be returned to where it is supposed to be."  Id. at ¶ V (relief).

Along with her complaint, plaintiff filed a motion to proceed *in forma pauperis*.

## II.      **Plaintiff's Motion to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action.  See 28 U.S.C. § 1915(a)(1).  Upon review of Ives' motion, the Court concludes that she has shown that she is without assets to pay the filing fee.  Accordingly, the motion to proceed *in forma pauperis* is ALLOWED.

## III.     **Preliminary Screening of the Complaint**

Because Ives is proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements of Section 1915 of Title 28, the federal *in forma pauperis* statute.  See 28 U.S.C. § 1915.  Section 1915 authorizes the federal courts to

dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915 (e)(2); Neitzke v. Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

In determining whether a complaint states a claim, the Court accepts as true the well-pleaded allegations in the complaint and draws reasonable inferences in the plaintiff's favor. Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010).   To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).   The plausibility standard does not require a probability but is more than a mere possibility.   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In conducting this review, the Court must liberally construe the complaint because plaintiff is proceeding *pro se*.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

## IV.   Discussion

Dismissal is warranted in this case pursuant to 28 U.S.C. § 1915 (e)(2) for failure to state a claim on which relief may be granted and lack of subject matter jurisdiction.

As an initial matter, the Court is unable to grant the relief sought by Ives and is without jurisdiction to terminate the defendant's employment.

To the extent Ives seeks to have criminal charges filed against the defendant, as a private citizen, Ives lacks standing to assert a claim for the prosecution the defendant.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in

the prosecution or non prosecution of another."); Nieves-Ramos v. Gonzales-De-Rodriquez, 737 F. Supp. 727, 728 (D. P. R. 1990).

To the extent Ives asserts a claim under Title II of the ADA, she does not reference the particular provisions of the ADA which she claims were violated.  The Court presumes, for purposes of preliminary screening, that she asserts a claim under Title II of the ADA.  Title II of the ADA prohibits discrimination against a qualified individual with a disability regarding a public entity's "services, programs, or activities." 42 U.S.C. § 12132.  However, the ADA does not provide for individual liability.  See, e.g., Abbot v. Town of Salem, No. Civ. 05-cv-127-SM, 2006 WL 276704 (D.N.H. Feb. 2, 2006) (citing  Miller v King, 384 F.3d 1248, 1277 (11th Cir. 2004)).  As to any claim against the Social Security Administration [the defendant's employer], it is well settled that agencies of the federal government are exempted from Title II disability discrimination claims because a "public entity" is defined as limited to "any State or local government," or "any department, agency, special purpose district, or other instrumentality of a State of States or local governments." 42 U.S .C. § 12131(1)(A) & (B); Dyrek v. Garvey, 334 F.3d 590, 597 n.3 (7th Cir. 2003) ("the ADA does not apply to federal agencies"); Cellular Phone Taskforce v. F.C.C., 217 F.3d 72, 73 (2d Cir. 2000) ("[T]itle II of the ADA is not applicable to the federal government.").

To the extent Ives seeks to challenge any decision concerning her social security benefits, the Court is without jurisdiction unless she first exhausts her administrative remedies.  See 42 U.S.C. § 405(g) (providing for judicial review of final agency decision made after a hearing).  Ives has not alleged that the Commissioner of Social Security made a final decision and that she then filed this action within 60 days after the mailing of such decision.  Id.

To the extent Ives alleges that the Court has jurisdiction over her claims under Bivens, 403 U.S. at 388 (establishing a direct cause of action against federal officials for violations of the

federal constitution), the court notes that the Social Security Act does not make any "provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits." Schweiker v. Chilicky, 487 U.S. 412, 424 (1988).  Thus, Ives' Bivens claim against the defendant in her individual capacity is foreclosed, as it relates to her claim for benefits.  Hines v. Irvington Counseling Ctr., 933 F. Supp. 382, 388 (D.N.J. 1996) (applying Schweiker and holding plaintiff could not sustain a suit for money damages against the Social Security Administration or its employees in their official or individual capacities).

As to the possibility of a Bivens claim unrelated to Ives' benefits, see Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (a Bivens action only may be brought against federal officials in their individual capacities), the complaint fails to include enough factual detail to make any privacy claim[1] "plausible on its face." Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Iqbal, 556 U.S. at 678).  Here, the allegations fail to show how the defendant's alleged actions rise to the level of a constitutional violation.

## V.    **Conclusion**

For these reasons,

1.    Plaintiff's motion to proceed *in forma pauperis* is ALLOWED.

2.    The Court RECOMMENDS that the action be DISMISSED pursuant to 28 U.S.C. § 1915 (e)(2) for failure to state a claim and for lack of subject matter jurisdiction.[2]

---

[1] Plaintiff alleges that the defendant (1) "violated the 1st amendment right," (2) "invaded the federal privacy law," (3) violated the forth (sic) amendment by illegally going through [Ives'] documents and changing [her] information," and (4) "threatened to unlawfully investigate." Compl. at ¶ II (C).

[2] Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed

**So Ordered.**

/s/ Katherine Robertson___
KATHERINE A. ROBERTSON
Dated:  October 20, 2017                          United States Magistrate Judge

---

findings or recommendations to which objection is made and the basis for such objection. The plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980). See also Thomas v. Arn, 474 U.S. 140, 154-55 (1985).