UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TAMMY IVES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 17-30108-MGM |
| v. | * | |
| | * | |
| MEREDITH DECKER, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER REGARDING REPORT AND RECOMMENDATION
(Dkt. No. 5)

November 9, 2017

MASTROIANNI, U.S.D.J.

Tammy Ives ("Plaintiff"), acting *pro se*, brings this action against Meredith Decker, a Social Security Administration Claims Specialist working in Pittsfield, Massachusetts. (Dkt. No. 1). Plaintiff alleges Ms. Decker knew Plaintiff "outside in everyday society," improperly summoned her to the Social Security Administration ("SSA") office in Pittsfield to perform an unauthorized review of her benefits, altered Plaintiff's "record," falsely claimed information was missing from her "file," made comments "on situations that did not have anything to do with why [she] was there," made verbal threats, and thereby "trigger[ed] an anxiety attack." (*Id.* at 6). On those grounds, Plaintiff's complaint asserts claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the American's with Disabilities Act ("ADA"). (*Id.*) On that basis Plaintiff asks that criminal charges be brought against Ms. Decker and for injunctive relief ordering (i) that Ms. Decker be removed from her position at the SSA and (ii) restoration of Plaintiff's "social security [benefits] to where it is supposed to be." (*Id.* at 6).

After granting Plaintiff's motion to proceed *in forma pauperis*, Magistrate Judge Katherine A. Robertson *sua sponte* recommended that the court dismiss the action for failure to state a claim

pursuant to 28 U.S.C. § 1915 and for lack of subject matter jurisdiction.[1] (Dkt. No. 5, Order on Motion to Proceed in Forma Pauperis and Report and Recommendation for Dismissal ("R&R").) Judge Robertson's October 20, 2017 R&R advised Plaintiff that any objections thereto were due 14 days later, on November 7, 2014, pursuant to Federal Rule of Civil Procedure 72(b). (*Id.* at 5, n. 2). Plaintiff has not filed objections.

Based upon the thorough analysis presented in the R&R, and noting there are no objections, the court, upon *de novo* review, hereby ADOPTS the R&R. (Dkt. No. 5.) As for Plaintiff's ADA claims, that statute does not provide for individual liability, *Abbot v. Town of Salem*, No. Civ. 05-cv-127-SM, 2006 WL 276704 (D.N.H. Feb. 2, 2006), or apply to federal agencies, *Dyrek v. Garvey*, 334 F.3d 590, 597 (7th Cir. 2003). Moreover, even if the ADA did apply to the defendant or her employer, Plaintiff has not alleged facts giving rise to plausible claim. Indeed, as the complaint relates to disability, it simply asserts "I have a psychological disability that prevents me from being able to go outside a lot" and elsewhere states, as a stand-alone sentence, "American [sic] with Disabilities Act." (Dkt. No. 1 at 5-6). The same holds true for Plaintiff's *Bivens* claims, which, in any event, cannot be made against federal officials in their official capacity. *See Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000). For these and other reasons in the R&R, the Court hereby dismisses the complaint and respectfully directs the Clerk of Court to enter an order of dismissal and close the case.

It is So Ordered.

    /s/ Mark G. Mastroianni  
MARK G. MASTROIANNI  
United States District Judge

---

[1] 28 U.S.C. § 1915(e)(2) directs courts to dismiss actions that are malicious or frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. The court also has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).